IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| INTERNATIONAL PAINTERS AND ALLIED TRADES INDUSTRY PENSION FUND | )<br>)<br>) |
| Plaintiff, | ) CIVIL ACTION NO. 06-679 (ESH) |
| v. | )<br>) |
| BBO, INC. | )<br>)<br>) |
| Defendant | ) |

## MOTION FOR ENTRY OF JUDGMENT BY DEFAULT

Plaintiff, International Painters and Allied Trades Industry Pension Fund, respectfully moves this Court for entry of judgment by default against Defendant, BBO, Inc. ("Company" or "Defendant") in the amount of $27,649.03. On June 26, 2006, Plaintiff filed with the Clerk of the Court a Request to Enter Default against Defendant pursuant to Federal Rule of Civil Procedure 55(a). Default was subsequently entered on June 27, 2006.

Accompanying this motion are a supporting memorandum of points and authorities, the Declaration of Thomas C. Montemore (attached as Exhibit 1), the Declaration of Sanford G. Rosenthal (attached as Exhibit 2), and a proposed default judgment.

                                        Respectfully submitted,

                                        JENNINGS SIGMOND, P.C.

                                        s/Sanford G. Rosenthal
                                        SANFORD G. ROSENTHAL, ESQUIRE
                                        (I.D. NO. 478737)
                                        The Penn Mutual Towers, 16th Floor
                                        510 Walnut Street, Independence Square
                                        Philadelphia, PA 19106-3683
                                        (215) 351-0611
Date: July 14, 2006                      Attorneys for Plaintiff

170117_1.DOC

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| INTERNATIONAL PAINTERS AND ALLIED TRADES INDUSTRY PENSION FUND | )<br>)<br>) |
| Plaintiff, | ) CIVIL ACTION NO. 06-679 (ESH) |
| v. | )<br>) |
| BBO, INC. | )<br>)<br>) |
| Defendant | ) |

### MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ENTRY OF JUDGMENT BY DEFAULT

Plaintiff, International Painters and Allied Trades Industry Pension Fund (the "Pension Fund"), is entitled to an Order entering judgment by default against Defendant, BBO, Inc. ("Company" or "Defendant"), in the amount of $27,649.03.

The Pension Fund served its Complaint on Defendant on May 22, 2006. To date, Defendant has failed to answer the Complaint or to otherwise defend this action. Plaintiff filed a Request to Clerk to Enter Default against the Defendant pursuant to Fed. R. Civ. P. 55(a) on June 26, 2006. Default was entered against the Defendant on June 27, 2006. Plaintiff now submits its motion for entry of judgment by default.

Accompanying this memorandum are a Declaration of Thomas C. Montemore, a Declaration of Sanford G. Rosenthal and a proposed form of judgment.

170117_1.DOC

The Pension Fund requests that the Court enter judgment by default against Defendant in the amount of $27,649.03, as set forth in the enumerated paragraphs below.

1. <u>Unpaid Contributions in the amount of $19,737.60.</u>

Defendant owes the Pension Fund at least $19,737.60 in contributions for the period August 2005 through November 2005. The month of October 2005 is based on estimates which are calculated by the Pension Fund based on the average of the last three months of remittance reports filed by Company. The contributions are estimated because Company failed to submit the required remittance reports for that period. Montemore Declaration, ¶5.

2. <u>Interest through June 30, 2006 of $965.49.</u>

Section 10 of the International Painters and Allied Trades Industry Pension Plan ("Plan") (attached as Exhibit 2 to the Complaint filed in this matter and incorporated by reference) sets the interest rate on delinquent contributions according to the Internal Revenue Service rate for delinquent taxes. Interest accruing through June 30, 2006 on Defendant's $19,737.60 in delinquent contributions totals $965.49. Interest shall continue to accrue on unpaid contributions in accordance with the Plan and ERISA until the date of actual payment. Montemore Declaration, ¶6; 29 U.S.C. § 1132(g)(2); 26 U.S.C. § 6621.

3. <u>Liquidated Damages of $3,947.52.</u>

ERISA and Section 10 of the Plan mandate that liquidated damages shall be awarded in an amount equal to the greater of interest or twenty percent (20%) of unpaid contributions. As indicated above, Defendant owes $19,737.60 in unpaid contributions. Twenty percent (20%) of this amount is $3,947.52. Since the total amount of liquidated damages is greater than the interest amount, Company owes $3,947.52 in liquidated damages attributable to the unpaid contributions

during the period August 2005 through November 2005.  Montemore Declaration, ¶7; 29 U.S.C. § 1132(g)(2).

    4.    <u>Attorneys' fees and costs of $2,998.42</u>

Plaintiff has incurred $2,998.42 in attorneys' fees and costs in seeking payment of amounts owed by the Defendant for the period March 2006 through July 13, 2006.  Rosenthal Declaration, ¶2; 29 U.S.C.§ 1132(g)(2).

    5.    <u>Injunctive Relief</u>

In light of Defendant's failure to comply with their contractual and statutory obligations to the Pension Fund to submit timely, accurate remittance reports and pension contributions each month (<u>See</u>, Montemore Declaration, ¶8) and the irreparable harm which Defendant's malfeasance causes the Pension Fund, the Pension Fund respectfully requests the injunctive relief which is set forth in its proposed default judgment.  <u>Laborers' Fringe Benefit Funds v. Northwest Concrete</u>, 640 F.2d 1350, 1352 (6th Cir. 1981); <u>IBPAT Union and Industry Pension Fund v. Hartline-Thomas, Inc.</u>, 4 EBC 1199, 1200 (D.D.C. 1983); <u>Teamsters Local 639 - Employers Trust v. Jones & Artis Construction Co.</u>, 640 F.Supp. 223 (D.D.C. 1986).

6. <u>Future Attorneys' Fees and Costs of Collection.</u>

The Pension Fund is entitled to reimbursement of all attorneys' fees and costs it incurs in connection with the enforcement and collection of any judgment entered by the Court. <u>See</u>, <u>Free v. Briody</u>, 793 F.2d 807 (7th Cir. 1986); <u>Sheet Metal Workers Health and Welfare Trust Fund v. Big D Service Co.</u>, 867 F.2d 852 (10th Cir. 1989); <u>Trucking Employees of North Jersey Welfare Fund, Inc. v. Bellezza Co.</u>, No 02-1128, 2003 U.S. App. LEXIS 2098 (3d Cir. Feb 6, 2003).

                Respectfully submitted,

                JENNINGS SIGMOND, P.C.

                BY:<u>s/ Sanford G. Rosenthal</u>
                    SANFORD G. ROSENTHAL, ESQUIRE
                    (I.D. NO. 478737)
                    The Penn Mutual Towers, 16th Floor
                    510 Walnut Street, Independence Square
                    Philadelphia, PA 19106-3683
                    (215) 351-0611/0660
Date: <u>July 14, 2006</u>        Attorneys for Plaintiff